McMILLAN, Judge.
 

 The appellant, Marelo Jenkins, appeals from the trial court’s denial of this, his second, Rule 32, Ala. R.Crim. P., petition for postconviction relief, challenging his 2005 guilty-plea convictions for first-degree assault
 
 [1]
 
 and resulting sentence of 25 years’ imprisonment. Jenkins did not appeal his conviction. His first Rule 32 petition was filed on December 20, 2006, and was denied by the circuit court on January 9, 2007. He appealed the denial of his petition to this Court on March 15, 2007, and we dismissed it as untimely on April 26, 2007.
 
 Jenkins v. State,
 
 No. CR 06-1102, 9 So.3d 588 (Ala.Crim.App.2007) (table).
 

 In the current petition filed August 9, 2007, Jenkins claims that he is due an out-of-time appeal from the denial of his first Rule 32 petition because, he says, the failure to appeal within the prescribed time was without fault on his part.
 

 The State attached an exhibit A to its response, a copy of the case-action summary, which the State says clearly showed that Jenkins, his attorney, and the district attorney were notified of the order denying his first Rule 32 petition on January 11, 2007. Further, the State argued that Jenkins had offered no proof to substantiate his claim; his address had not changed since his initial incarceration; and the court file does not show that the order
 
 *167
 
 mailed to him was ever returned to the circuit clerk’s office.
 

 Because Jenkins presented a claim, which, if true, required an evidentiary hearing, this Court ordered this cause to be set for an evidentiary hearing at which Jenkins was to be given the opportunity to prove his claims. On return to remand, the circuit court has filed a copy of the case-action summary with an entry dated October 16, 2008, in which the judge ruled that Jenkins was not served with the January 9, 2007, order of the court denying his first Rule 32 petition.
 

 Based on the above ruling by the trial court, the denial of Jenkins’s current Rule 32 petition must be reversed and the case remanded for the trial court to grant an out-of-time appeal from the denial of his first Rule 32 petition. See
 
 Noble v. State,
 
 708 So.2d 217 (Ala.Crim.App.1997), and Rule 32.1(f), Ala. R.Crim. P.
 

 REVERSED AND REMANDED.
 

 BASCHAB, P.J., and SHAW, WISE, and WELCH, JJ., concur.
 

 [1]
 

 . Originally Jenkins was indicted for first-degree robbery and attempted murder.